UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

AIMEE O'NEIL,

                              Plaintiff,

                    v.                                                    5:09-CV-0983
                                                                          (GTS/GHL)
FLOYD WEENO PONZI, *Owner of Deluxe Painting*, and
MARY PONZI-FLETT, *Oswego County Legislator, County of Oswego*,

                              Defendants.

APPEARANCES

AIMEE O'NEIL
Plaintiff *pro se*

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION & ORDER

        Presently before the Court for review is an amended and supplemental complaint submitted for

filing by *pro se* Plaintiff Aimee O'Neil.  Dkt. No. 6.  Plaintiff filed her original complaint on August 28,

2009, seeking relief against Defendants.  Dkt. No. 1.  After a review of the complaint, I recommended,

*inter alia*, that Plaintiff may file an amended complaint because the original complaint failed to state a

claim upon which relief may be granted and was frivolous.  Dkt. No. 5.  I also advised Plaintiff that any

amended complaint "must contain a short and plain statement of the claim showing that she is entitled

to relief with all averments of claim set forth in numbered paragraphs.  *See* Fed. R. Civ. P. 8(a)(2) &

Fed. R. Civ. P. 10(b)."  *Id.* at p. 7.

        Plaintiff filed no objections to the Report-Recommendation and Order.  Plaintiff instead filed an

amended and supplemental complaint.  Dkt. No. 6.

        U.S. District Court Judge Glenn T. Suddaby adopted my Report-Recommendation and Order in

its entirety.  Dkt. No. 7.  The amended and supplemental complaint was returned to me for review.  *Id.*

In the amended and supplemental complaint, Plaintiff again attempts to assert claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.  Dkt. No. 6 at p. 2.  Plaintiff also attempts to assert causes of action for discrimination and for a violation of privacy.  *Id.*

## II.  DISCUSSION

### A.    28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e), the Court shall dismiss the case at any time if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Thus, there is a responsibility on the Court to determine that a complaint may be properly maintained in the District before it may permit a plaintiff to proceed with an action *in forma pauperis*.  *Id.*; *see also* 28 U.S.C. § 1915A(b)(1).  In determining whether an action is frivolous, the Court must look to see whether the complaint lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Although the Court has a duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the Court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.  Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(d) is appropriate to prevent abuses of the process of the Court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources.

*Neitzke*, 490 U.S. at 327.  *See generally Moreman v. Douglas*, 848 F. Supp. 332 (N.D.N.Y. 1994) (Scullin, D.J.).

In the amended and supplemental complaint, Plaintiff again claims that Defendant Weeno Ponzi has a "phony painting business . . . which is being used . . . to facilitate and organize illegal gambling [and] racketeering . . . "  Dkt. No. 6 at p. 1.  Plaintiff also again claims that Defendant Mary Ponzi Flett, an Oswego County Legislator, "is deliberately concealing and/or hiding her power and privilege to cover up for her brother, Floyd Weeno Ponzi's phony painting business."  *Id.*  Plaintiff further again asserts that a pattern of "intentional [and] malicious HATE crimes" was perpetuated against herself.  *Id.* at p. 3 (emphasis in original).  For support, Plaintiff asserts many of the same speculative claims and in the same rambling, disjointed, and, at times, delusional manner as set forth in the original complaint.

For instance, Plaintiff claims that her computer, house, and telephone have been bugged.  Dkt. No. 6, at p. 13.  Plaintiff also alleges that Defendants "are all involved in a conspiracy with the intent to deliberately sabotage any type of business the plaintiff would attempt to establish on her own."  *Id.* at p. 14.  Plaintiff also claims that certain individuals, who are not named as defendants, "sit around . . . planning ways on how they would destroy my life," with the help of Defendants.  *Id.* at p. 25.  She claims that she "had been told if I go anywhere in the world, they are going to follow me."  *Id.*

Plaintiff also claims that she is unaware of what Defendant Ponzi's "next move will be, what he will do, and what state of mind he is currently in;" therefore she requests that "electric fencing" be installed around the perimeter of her residence and that bullet-proof glass be installed in her home and vehicles.  Dkt. No. 6, at p. 24.  She also requests that she be reimbursed for the costs of "security systems, security bills, electronic devices, body wires, [and] cameras."  *Id.*

Plaintiff further claims that since filing her original complaint, her landlord has been

"[t]amper[ed] with;" and that her right to privacy was violated when an unknown individual enrolled her child in the same class in which Plaintiff's child is enrolled.  Dkt. No. 6, at p. 2.

In light of the forgoing, the amended and supplemental complaint fails to state a claim upon which relief may be granted and is frivolous.  Plaintiff's allegations are unsubstantiated, speculative, and wholly conclusory.  Accordingly, I recommend that the amended and supplemental complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) and (ii).

**B.      Rules governing pleading requirements**

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense."  *Hudson v. Artuz*, No. 95 CIV 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in pertinent part,

> (b) Paragraphs; Separate Statements.  All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.  Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Civ. P. 10(b).

The purpose of Rule 10 "is to 'provide an easy mode of identification for referring to a particular paragraph in a prior pleading . . . .'"  *Sandler v. Capanna*, Civ. A. No. 92-4838, 1992 WL 392597, *3

(E.D. Pa. Dec. 17, 1992) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for the court to assess the sufficiency of the plaintiff's claims, and is properly subject to dismissal.  *See Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  "Dismissal, however, is 'usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Hudson*, 1998 WL 832708, at *2 (quotation omitted).

Here, the amended and supplemental complaint is twenty-eight pages in length and contains single-spaced text that is not set forth in consistently numbered paragraphs.  Dkt. No. 6.  It is so confused, rambling, disjointed, and otherwise unintelligible that its true substance, if any, is well disguised, and presents too heavy a burden for Defendants in shaping a comprehensive defense.  Accordingly, the amended and supplemental complaint fails to comply with Rules 8 and 10.[1]  *See* Fed. R. Civ. P. 8(a)(2), 10(b).  Therefore, I recommend that the amended and supplemental complaint also be dismissed for failure to comply with these Rules.

Accordingly, it is hereby

**RECOMMENDED**, that the amended and supplemental complaint (Dkt. No. 6) be dismissed;

---

[1]  In my Report-Recommendation and Order, I advised Plaintiff that any amended complaint "must contain a short and plain statement of the claim showing that she is entitled to relief with all averments of claim set forth in numbered paragraphs.  *See* Fed. R. Civ. P. 8(a)(2) & Fed. R. Civ. P. 10(b)."  Dkt. No. 5, at p. 7.

and it is further

     **ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on Plaintiff by regular mail.

     Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: November 23, 2009
      Syracuse, New York

                                      George H. Lowe
                                      United States Magistrate Judge