UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AIMEE O'NEIL,
                Plaintiff,

v.                                              5:09-CV-0983
                                                (GTS/GHL)

FLOYD WEENO PONZI, Owner of Deluxe Painting;
and MARY PONZI-FLETT, Oswego County Legislator,
                Defendants.
_____

APPEARANCES:

AIMEE O'NEIL
  Plaintiff, *Pro Se*
P.O. Box 53
Minetto, New York  13115

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court in this *pro se* civil action asserting claims under, *inter alia*, the Racketeer Influenced and Corrupt Organizations Act ("RICO") action are an Amended and Supplemental Complaint filed by Aimee O'Neill ("Plaintiff") (Dkt. No. 6), United States Magistrate Judge George H. Lowe's Report-Recommendation recommending that Plaintiff's Amended and Supplemental Complaint be dismissed due to its frivolousness (Dkt. No. 8), and Plaintiff's motion to stay the proceedings pending the completion of an investigation by Plaintiff's private investigator (Dkt. No. 9).  For the reasons discussed below, Magistrate Judge Lowe's Report-Recommendation is accepted and adopted in its entirety, Plaintiff's Amended and Supplemental Complaint is dismissed with prejudice due to its frivolousness, and Plaintiff's motion to stay the proceedings is denied.

**I.      RELEVANT BACKGROUND**

On August 28, 2009, Plaintiff filed a Complaint against Floyd Weeno Ponzi and Mary Ponzi-Flett ("Defendants"). (Dkt. No. 1.) On September 9, 2009, Magistrate Judge Lowe issued a Report-Recommendation recommending, *inter alia*, that Plaintiff's action be dismissed unless, within thirty days of the date of the Report-Recommendation, Plaintiff filed an Amended Complaint that stated a claim upon which relief can be granted. (Dkt. No. 5.) On October 8, 2009, Plaintiff filed an Amended and Supplemental Complaint. (Dkt. No. 6.) On October 22, 2009, this Court issued a Decision and Order accepting and adopting Magistrate Judge Lowe's Report-Recommendation, and directing (1) that the Clerk of the Court return the file in this action to Magistrate Judge Lowe for his review of the Amended and Supplemental Complaint for compliance with the Federal Rules of Civil Procedure, (2) that the Clerk of the Court terminate Plaintiff's action numbered 5:09-CV-0985 (because it was opened in error and it is duplicative of her action numbered 5:09-CV-0983), and (3) that the Clerk fo the Court correct the docket sheet in this action to reflect the only two defendants identified in the Amended and Supplemental Complaint. (Dkt. No. 7.)

On November 23, 2009, Magistrate Judge Lowe issued a Report-Recommendation, recommending that Plaintiff's Amended and Supplemental Complaint be dismissed due to its frivolousness. (Dkt. No. 8.) During the ten working days plus three calendar days that followed (i.e., by December 11, 2009),[1] Plaintiff did not file Objections to the Report-Recommendation.

---

[1] The Court notes that any objections to a Report-Recommendation must be filed with the Clerk of the Court within ten (10) working days, plus three (3) calendar days, from the date of this Report-Recommendation (unless the third calendar day is a legal holiday, in which case add a fourth calendar day). *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

(*See generally* Docket Sheet.) Instead, on December 9, 2009, Plaintiff filed a motion to stay the proceedings pending the completion of an investigation by Plaintiff's private investigator. (Dkt. No. 9.) This Court does not liberally construe this document as an Objection to the Report-Recommendation. The motion is brief and does not state any grounds on which Plaintiff is challenging the Report-Recommendation. (*Id*.)

Moreover, on December 14, 2009, Plaintiff filed a Notice of Appeal (presumably from the Report-Recommendation) to the United States Court of Appeals for the Second Circuit. (Dkt. No. 10.) Again, this Court does not liberally construe this document as an Objection to the Report-Recommendation. Apart from having been filed after the deadline for Objections, the Notice of Appeal is brief and does not state the grounds on which Plaintiff is challenging the Report-Recommendation. (*Id*.) Moreover, on December 16, 2009, the Clerk of the Court sent an electronic notice and certification of the appeal to the United States Court of Appeals for the Second Circuit. (Dkt. No. 11.)

The Court notes that, under the circumstances, Plaintiff's appeal does not divest this Court of its jurisdiction over this action. This is because Plaintiff's appeal is clearly defective in that it is interlocutory in nature.[2] An order from a magistrate judge is not directly appealable to

---

[2] *See U.S. v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) (deeming notice of appeal taken from non-final order as "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction); *Burger King Crop. v. Horn & Hardart Co*., 893 F.2d 525, 527 (2d Cir. 1990) (holding that notice of appeal taken from non-final judgment was "premature, and did not divest the district court of jurisdiction to amend the judgment"); *Leonhard v. U.S.*, 633 F.2d 599, 610 (2d Cir. 1980) ("[W]e see no efficiency to be gained by allowing a party arbitrarily to halt the district court proceedings by filing a plainly unauthorized notice which confers on this Court the power to do nothing but dismiss the appeal"); *Gortat v. Capala Bros., Inc*., 07-CV-3629, 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) (citation omitted) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order

the Court of Appeals unless the parties consent to the magistrate judge being given plenary jurisdiction by the district court pursuant to 28 U.S.C. § 636(c)(1).[3] When the district court has not given the magistrate judge plenary jurisdiction, review of magistrate orders must first be sought from the district judge before such orders may be appealed to the Court of Appeals.[4] Here, the parties did not consent to the magistrate judge being given plenary jurisdiction by the district court in this case, nor did the Court review (and issue a Decision and Order on) Magistrate Judge Lowe's Report-Recommendation before Plaintiff filed her appeal.

## II.  APPLICABLE LEGAL STANDARDS

### A.  Standard of Review of Magistrate Judge Lowe's Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[5]

When only general objections are made to a magistrate judge's report-recommendation

---

appealed from is not final and has not been certified for an interlocutory appeal."); *Hoffenberg v. U.S.*, 00-CV-1686, 2004 WL 2338144, at *2 (S.D.N.Y. Oct. 18, 2004) ("Where, however, a notice of appeal has been filed from an order that is non-appealable, jurisdiction does not rest with the Court of Appeals but remains with the district court.").

  [3]   *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995); *see also Hunnicut v. Mangiafico*, 20 F. App'x 57, 58-59 (2d Cir. Oct. 3, 2001) (unpublished decision).

  [4]   *LoSacco*, 71 F.3d at 91.

  [5]   On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

(or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[6] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

  **B.** **Standard Governing Dismissals under Fed. R. Civ. P. 8 and 10**

Magistrate Judge Lowe correctly recited the legal standards governing a *sua sponte* dismissal of a complaint (or amended complaint) pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 8 and 10. (Dkt. No. 8, at 2-5.) As a result, these standards are incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

**III.** **ANALYSIS**

  **A.** **Amended and Supplemental Complaint**

In her Amended and Supplemental Complaint, Plaintiff attempts to assert claims of (1) violation of RICO, 18 U.S.C. §§ 1961-1968, (2) discrimination, and (3) violation of privacy.

---

[6]  *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

(Dkt. No. 6.) The factual allegations that Plaintiff asserts in support of these are accurately described in Magistrate Judge Lowe's Report-Recommendation. (Dkt. No. 8.) As a result, the Court will not recite Plaintiff's factual allegations in this Decision and Order, which again is intended primarily for the review of the parties; instead, the Court will refer the reader to Plaintiff's Amended and Supplemental Complaint and Magistrate Judge Lowe's Report-Recommendation.

After carefully reviewing all of the papers herein, including Magistrate Judge Lowe's thorough Report-Recommendation, the Court can find no clear error in the unchallenged Report-Recommendation. Magistrate Judge Lowe employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts Magistrate Judge Lowe's Report-Recommendation in its entirety for the reasons stated therein. The Court would only add that it would accept and adopt the Report-Recommendation even on a *de novo* review.

For all of these reasons, and in light of the fact that Plaintiff has already been afforded an opportunity to amend her Complaint, Plaintiff's Amended and Supplemental Complaint is dismissed in its entirety with prejudice due to its frivolousness.

      B.      **Motion to Stay the Proceedings**

Plaintiff's motion to stay the proceedings is rendered moot by the Court's dismissal of Plaintiff's action with prejudice due to its frivolousness. As a result, that motion is denied as moot. In the alternative, that motion is denied as procedurally improper in that it is unsupported by an affidavit, as required by Local Rule 7.1(a). Finally, that motion is denied on the second alternative ground that it is unsupported by a showing of cause. (Dkt. No. 9.)

ACCORDINGLY, it is

ORDERED that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 8) is ACCEPTED and ADOPTED in its entirety; and it is further

ORDERED that Plaintiff's Amended and Supplemental Complaint (Dkt. No. 6) is *sua sponte* **DISMISSED** **with prejudice** due to its frivolousness, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii); and it is further

ORDERED that Plaintiff's motion to stay the proceedings (Dkt. No. 9) is **DENIED**.

The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from the Court's final judgment in this action would not be taken in good faith.

Dated: February 9, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge